IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD EVANS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 12-823-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

1. **Background**. Presently pending before the court are petitioner's two motions to withdraw/dismiss his application. (D.I. 20; D.I. 22) Both motions were filed after the State filed its answer. (D.I. 17)

2. Petitioner's first motion asserts that he wants to withdraw the application because it was prematurely filed and he has discovered additional claims for relief that he wishes to file in state court before seeking federal habeas relief. (D.I. 20) Petitioner's second motion asserts that he wants to withdraw the application because he wishes to "save the Delaware tax payers money from useless litigation of this case." (D.I. 22 at 2) Petitioner also states that he is "filing this motion because he does not want to face a greater sentence if the court rules in favor of his writ of habeas corpus." *Id*.

3. The State filed a motion in opposition to petitioner's first motion to dismiss, contending that it expended valuable resources responding to petitioner's application. (D.I. 21) The State also asserts that the instant application was timely filed and any

future application will be time-barred by AEDPA's one year limitations period if the instant application is dismissed.

4. **Standard of Review.** Pursuant to Federal Rule of Civil Procedure 41(a), if an answer or motion for summary judgment has been served, the plaintiff no longer has the right to automatically dismiss his case. Rather, a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) lies within the sound discretion of the court. See Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974).

5. When reviewing a Rule 41(a)(2) motion to dismiss, or deciding whether a dismissal under Rule 41(a)(2) should be with prejudice, the court must consider the prejudice to the defendant, which includes both legal prejudice and litigation expenses. See Schandelmeier v. Otis Div. of Baker-Material Handling Corp., 143 F.R.D. 102, 103 (W.D. Pa. 1992). Relevant factors to be considered include: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation thereof; and (5) the pendency of a dispositive motion by the non-moving party. Id.

6. **Discussion.** Because the State has already filed its answer to petitioner's amended application, the court construes the pending motions for dismissal as filed pursuant to Federal Rule of Civil Procedure 41(a)(2). See Fed. R. Civ. P. 41(a)(1)(A)(i)("plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"); Fed. R. Civ. P. 41(a)(2)("Except as provided by Rule 41(a)(1), an action

2

may be dismissed at the plaintiff's request, on terms that the court considers proper."). Although the Third Circuit has not explicitly addressed the application of Fed. R. Civ. P. 41(a)(2) to federal habeas proceedings, applying Rule 41(a)(2) to the instant case is consistent with decisions from other circuit courts, as well as with Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. *See Barron v. Snyder*, 2001 WL 65735, at *1 (D. Del. Jan. 10, 2001) (collecting cases).

7. After reviewing petitioner's motions pursuant to the principles articulated in paragraph five, and given the advanced state of this proceeding, the court finds that petitioner has not presented a strong enough case for dismissal. For instance, petitioner filed the first motion ten (10) months after he filed an amended application, which was six (6) months after the State answered that application. Petitioner has not explained the undue delay in filing the instant requests, and he has failed to articulate the basis of any additional claim for relief that he wishes to pursue in state court. In addition, the State has invested both time and resources in preparing and filing the answer and the state court record, and will suffer time and prejudice in addressing a second § 2254 application if one is filed at a later date.

8. Finally, the court notes that granting petitioner's motions to dismiss would effectively end his opportunity to obtain federal habeas relief. Even if the court were to dismiss the application without prejudice and petitioner were to file another one, the new application would be considered untimely.[1] *See* 28 U.S.C. § 2244(d). The court

---

[1] A cursory review of petitioner's state court record indicate that, while petitioner's original application was timely filed, petitioner's motions to dismiss were filed well-after

3

does not perceive petitioner as wishing to prevent the court from ruling on the merits of his application. Nevertheless, if petitioner wishes to pursue this course of action and possibly forever preclude federal habeas relief, the court will entertain a new motion to dismiss. Unless petitioner files such a motion, the court will rule on the application in due course.[2]

9. **Conclusion.** For the above reasons, the court will deny petitioner's motions to withdraw/dismiss his habeas application. A separate order shall issue. *See* Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: March 13, 2014

_____
UNITED STATES DISTRICT JUDGE

---

the expiration of AEDPA's limitations period.

[2] The court also notes that petitioner's motions to dismiss are written in different handwriting, suggesting that petitioner may not be the author of at least one of the motions. Considering that petitioner is acting pro se, the court believes it is best to exercise prudence and provide petitioner with an opportunity to consider the full effect of his actions before pursuing dismissal.